IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK S.,[1]                                    3:19-cv-00629-BR

          Plaintiff,                           OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

          Defendant.

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

          Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

     [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JACOB PHILLIPS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2274

        Attorneys for Defendant


**BROWN, Senior Judge.**

        Plaintiff Mark S. seeks judicial review of a final decision
of the Commissioner of the Social Security Administration (SSA)
in which he denied Plaintiff's application for Disability
Insurance Benefits (DIB) under Title II of the Social Security
Act.  This Court has jurisdiction to review the Commissioner's
final decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

        Plaintiff filed an application for DIB on March 20, 2015,
alleging a disability onset date of January 1, 2008.  Tr. 247.[1]
The application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on February 9,
2018.  Tr. 84-100.  At the hearing Plaintiff amended his alleged

---

        [1] Citations to the official transcript of record filed by
the Commissioner on October 8, 2019, are referred to as "Tr."

2 - OPINION AND ORDER

onset date to December 31, 2012, "which is [also] the last day he was insured for [DIB] purposes."  Tr. 15, 88.  Plaintiff and a vocational expert (VE) testified at the hearing, and Plaintiff was represented by an attorney.

The ALJ issued a decision on March 15, 2018, in which he found Plaintiff was not disabled on December 31, 2012, his amended alleged onset date and his date last insured, and, therefore, he is not entitled to benefits.  Tr. 30.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on March 12, 2019, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on May 28, 1959, and was 59 years old at the time of the hearing.  Tr. 247.  Plaintiff has a high-school education.  Tr. 90.  Plaintiff has past relevant work experience as a tugboat deck hand and truck driver.  Tr. 96.

Plaintiff alleges disability during the relevant period due to a stroke in 2008, seizures, inguinal hernia, "memory issues," and bursitis in his left shoulder.  Tr. 271.

Except when noted Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

medical evidence.  *See* Tr. 24-26.

## <u>STANDARDS</u>

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of

evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9ᵗʰ Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete

incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity on December 31, 2012, his alleged onset date and his date last insured.

Tr. 18.

At Step Two the ALJ found during the relevant period
Plaintiff had the severe impairments of degenerative disc
disease, a "remote history of traumatic brain injury," a "history
of intra cranial hemorrhage in October 2008," a seizure disorder,
an "adjustment disorder with depression and anxiety symptoms,"
and a "history of alcohol dependence and polysubstance abuse."
Tr. 18.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments during the relevant period did not meet
or medically equal one of the listed impairments in 20 C.F.R.
part 404, subpart P, appendix 1.  Tr. 19.  The ALJ found during
the relevant period that Plaintiff had the RFC to perform light
work that

> did not require more than frequent stooping,
> kneeling, or crouching; that did not require more
> than occasional balancing, crawling, or climbing
> of ramps or stairs; that did not require climbing
> of ladders, ropes, or scaffolds; that did not
> require more than occasional overhead reaching;
> that did not require exposure to hazards; that
> consisted of simple, routine tasks; and that did
> not require more than occasional interaction with
> the general public.

Tr. 19.

At Step Four the ALJ found Plaintiff could not perform his
past relevant work during the relevant period.  Tr. 27.

At Step Five the ALJ found Plaintiff could perform other
work that existed in the national economy during the relevant

8 - OPINION AND ORDER

period.  Tr. 28.  Accordingly, the ALJ concluded Plaintiff was
not disabled on December 31, 2012, Plaintiff's alleged onset date
and date last insured.  Tr. 30.


## DISCUSSION

Plaintiff contends the ALJ erred at Step Five when he
applied "the medical-vocational grid rules mechanically."

**I.   The ALJ did not err at Step Five.**

As noted, Plaintiff contends the ALJ erred at Step Five when
he applied "the medical-vocational grid rules mechanically."

When the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also*
*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood*, 616
F.3d at 1071.  The Commissioner may satisfy this burden through
the testimony of a VE or by reference to the Medical-Vocational
Guidelines set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  *See also Lockwood*, 616 F.3d at 1071.  If
the Commissioner meets this burden, the claimant is not disabled.
20 C.F.R. § 404.1520(g)(1).

The medical-vocational grids (the grids) are "matrices of
the 'four factors identified by Congress — physical ability, age,

education, and work experience — and set forth rules that
identify whether jobs requiring specific combinations of these
factors exist in significant numbers in the national economy.'"
*Lockwood*, 616 F.3d at 1071 (quoting *Heckler v. Campbell*, 461 U.S.
458, 461-62 (1983)).  The grids use three age categories:
(1) "younger person (under age 50)," (2) "person closely
approaching advanced age (age 50-54)," and (3) "person of
advanced age (age 55 or older)."  *Lockwood*, 616 F.3d at 1072
(citing 20 C.F.R. § 404.1563(c)-(e)).

When "a claimant is within a few days or a few months of
reaching an older age category (a 'borderline situation'), an ALJ
has discretion, but is not required, to use the older age
category."  *Lockwood*, 616 F.3d at 1069 (citing 20 C.F.R.
§ 404.1563(b)).  In fact, 20 C.F.R. § 404.1563(b) provides the
ALJ

> will not apply the age categories mechanically in
> a borderline situation.  If you are within a few
> days to a few months of reaching an older age
> category, and using the older age category would
> result in a determination . . . that you are
> disabled, [the ALJ] will consider whether to use
> the older age category after evaluating the
> overall impact of all the factors of your case.

Here the ALJ acknowledged "a borderline age situation exists
because the claimant is within a 'few days to a few months' of
attaining the next higher age category and use of the higher age
category would result in a finding of 'disabled' instead of 'not
disabled.'"  Tr. 27-28 (quoting 20 C.F.R. § 404.1563(b)).  The

10 - OPINION AND ORDER

ALJ, however, concluded "use of [the next higher] age category is not supported by the limited adverse impact of all factors on the claimant's ability to adjust to other work."  Tr. 28.

Plaintiff concedes the ALJ has discretion to decide whether to use the older-age category, but Plaintiff asserts in this case that the ALJ abused his discretion when he decided not to use the older-age category because the ALJ did not comply with guidelines found in the Social Security Agency's Hearings, Appeals, and Litigation Manual (HALLEX) and Program Operations Manual System (POMS).  The Ninth Circuit, however, has made clear the "HALLEX does not carry the force of law and therefore [the Ninth Circuit] do[es] not review allegations of non-compliance with it."  *Wilson v. Berryhill*, 732 F. App'x 504, 507 (9th Cir. 2018)(declining to review the claimant's argument that the ALJ did not comply with the HALLEX)(citation omitted)).  *See also Roberts v. Comm'r*, 644 F.3d 931, 933 (9th Cir. 2011)(the HALLEX "does not carry the force of law and [is] not binding upon the agency")(quotation omitted)); *Lockwood*, 616 F.3d at 1072 (the "HALLEX does not impose judicially enforceable duties on either the ALJ or this court"); *Nabis-Smith v. Berryhill*, No. 6:16-cv-01915-JR, 2018 WL 3404057, at *6 (D. Or. Apr. 26, 2018)(rejecting the plaintiff's argument that the ALJ failed to follow certain policies outlined in the HALLEX); *Rickman v. Colvin*, No. 6:12-cv-01201-SI, 2013 WL 4773627, at *5 (D. Or. Sept. 4, 2013)("[t]he ALJ . . . has no

duty to follow the HALLEX" because the HALLEX "does not carry
the force of law and is not binding on the agency")(citations
omitted)).  *Hanh L. v. Comm'r, Soc. Sec. Admin.*, No. 3:17-
CV-01613-JE, 2019 WL 5858187, at *5 (D. Or. July 23, 2019),
report and recommendation adopted, No. 3:17-CV-01613-JE, 2019 WL
5858182 (D. Or. Sept. 3, 2019).  The Ninth Circuit reached a
similar conclusion regarding POMS finding it constitutes an
agency interpretation "that does not impose judicially
enforceable duties on either this court or the ALJ."  *Lockwood*,
616 F.3d at 1073.

Plaintiff asserts POMS and the HALLEX now have "the power to
persuade" pursuant to Social Security Ruling 13-2p, 2013 WL
603764 (Feb. 20, 2013).  According to Plaintiff, therefore, the
ALJ is required to explain his decision not to use the older-age
category "in light of the factors" set out in POMS and the
HALLEX.  "'SSR 13-2p[, however,] is a policy ruling clarifying
how the Agency determines whether drug addiction is a
contributing factor material to the determination of
disability.'"  *Jeanne E. v. Saul*, No. 6:18-CV-01722-SB, 2020 WL
602279, at *5 (D. Or. Feb. 7, 2020)(quoting *Kathleen S. v. Saul*,
No. 3:19-cv-00651, 2020 WL 353602, at *7 (S.D. Cal. Jan. 21,
2020)).  "[E]ven after the promulgation of SSR 13-2p on
February 20, 2013, the Ninth Circuit has continued to cite
*Roberts* and *Lockwood* for the proposition that the Agency's

internal policy manuals such as [POMS and] HALLEX do not give rise to any legally enforceable rights." *Kathleen S.*, 2020 WL 353602, at *7 (citing *Wilson*, 732 F. App'x at 507); *Withrow v. Colvin*, 672 F. App'x 748, 749 (9th Cir. 2017); *Whitten v. Colvin*, 642 F. App'x 710, 713 (9th Cir. 2016); *Durden v. Colvin*, 546 F. App'x 690, 690-91 (9th Cir. 2013)).  Plaintiff's argument that SSR 13-2p establishes a requirement that the ALJ is required to explain his decision in light of the factors set out in POMS and/or the HALLEX also has been rejected by district courts in the Ninth Circuit.  *See, e.g., Jeanne E.*, 2020 WL 602279, at *5; *Hanh L. v. Comm'r*, 2019 WL 5858187, at *5 ("SSR 13-2p, which Plaintiff cites in support of the argument that POMS is binding on Agency adjudicators . . . is inapplicable here and does not change this Court's application of *Lockwood*."); *Martinez v. Colvin*, No. 6:14-cv-01703-MC, 2016 WL 270911, at *5 (D. Or. Jan. 20, 2016); *Kathleen S.*, 2020 WL 353602, at *7; *Elias v. Comm'r*, No. CV-18-00200-TUC-RCC (DTF), 2019 WL 4296779, at *3 (D. Ariz. Sept. 11, 2019); *Hollen v. Comm'r*, No. 15-2357, 2017 WL 1075194, at *8-*9 (S.D. Cal. Mar. 22, 2017).

The Court adopts the reasoning of these cases and concludes POMS and the HALLEX do "not carry the force of law and, therefore, the Court need not 'review allegations of non-compliance with it.'" *Jeanne E.*, 2020 WL 602279, at *5 (quoting *Wilson*, 732 F. App'x at 507).  *See also Dragoo v. Comm'r*,

No. 19-01988, 2020 WL 525678, at *5 (D. Ariz. Feb. 3, 2020)
("[W]hether the ALJ complied with HALLEX I-2-9-10(A) or any other
provision in [the] HALLEX is irrelevant, and the Court need not
engage in any further analysis of any alleged noncompliance with
[the] HALLEX."); *Groom v. Berryhill*, No. 17-1117, 2018 WL
1517165, at *5 (C.D. Cal. Mar. 27, 2018)(concluding the
plaintiff's argument that the ALJ violated requirements set forth
in the HALLEX "lack[ed] merit" because the HALLEX "do[es] not
impose judicially enforceable duties on [a] federal court or ALJ
regarding borderline situations.")(citation omitted)).

     In addition, even if the policy guidelines in POMS and/or
the HALLEX were binding on the ALJ, the ALJ's reasoning in this
case was consistent with those guidelines.  Specifically, the
HALLEX provides:  "The ALJ will explain in the decision that he
. . . considered the borderline age situation, state whether he
. . . applied the higher age category or the chronological age,
and note the specific factor(s) he . . . considered."  HALLEX
I-2-2-42(C)(5).  As noted, here the ALJ stated "a borderline age
situation exists," explained Plaintiff was at the "outer edge" of
what the Social Security Regulations describe as "borderline
age," and noted this was "a circumstance suggesting that
[Plaintiff] was less disadvantaged by his age" in obtaining other
work.  Tr. 28.  The ALJ also found "other considerations in the
record support the inference that the claimant could adjust to

doing other work" such as the fact that Plaintiff's RFC limitations did not significantly erode the occupational base for light work, Plaintiff "has only mild limitation[s] in adapting or managing himself," and "a neuropsychological evaluation . . . revealed few limitations in adaptation."  Tr. 28.  The ALJ, therefore, concluded the "use of a higher age category is not supported by the relevant factors."  Tr. 28.

The Court concludes on this record that the ALJ's decision is consistent with POMS and the HALLEX because the ALJ considered Plaintiff's borderline age situation, reached a conclusion as to which age category to apply, and noted the factors that the ALJ considered in making his decision.  Accordingly, the Court concludes on this record that the ALJ did not err at Step Five when he declined to use the higher-age category.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 20th day of April, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

15 - OPINION AND ORDER